BRIAN T. DUNN, ESQ. (SBN 176502)
Email: bdunn@cochranfirm.com
MEGAN R. GYONGYOS, ESQ. (SBN 285476)
Email: mgyongyos@cochranfirm.com
THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010-3856
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys For Plaintiff, WILLIAM MEARS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MEARS, individually and as Successor in Interest to MICHAEL MEARS, deceased,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO.: 2:15-CV-08441<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.　**Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)**<br><br>2.　**Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unconstitutional Policy, Practice, or Custom)**<br><br>3.　**Wrongful Death (Cal. Gov't Code §§ 815.2(a), 820(a); Cal. Civ. Code § 43) (Based on Battery)**<br><br>4.　**Wrongful Death (Cal. Gov't Code §§ 815.2(a), 820(a)) (Based on Negligence)**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

## JURISDICTION AND VENUE

1. Jurisdiction is vested in this court under 28 U.S.C. § 1343(a)(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

3. At all relevant times herein, Plaintiff WILLIAM MEARS (hereinafter sometimes referred to as "Plaintiff") was and is a resident of the County of Pasco, State of Florida. Plaintiff is the surviving biological father of decedent MICHAEL MEARS.

4. Plaintiff is the Successor in Interest to decedent MICHAEL MEARS, and is entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil Procedure. (Attached herein is a declaration designating Plaintiff as the Successor in Interest to MICHAEL MEARS, and a true and correct copy of the death certificate for MICHAEL MEARS, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure.)

5. Defendant CITY OF LOS ANGELES (hereinafter "CITY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

6. Plaintiff is informed, believes, and thereon alleges that the heretofore unknown Defendant DOE Officers are, and at all relevant times mentioned herein were, residents of the County of Los Angeles and State of California. Further, at all times relevant to the acts and omissions herein alleged, said DOE Officers were police officers employed by the Defendant CITY and the Los Angeles Police Department, and were acting under color of law and in the course and scope of their employment with the CITY and the Los Angeles Police Department.

///
///

7. On or around June 16, 2015, a timely Claim for Damages was filed with the City of Los Angeles, in substantial compliance with California Government Code § 910, et seq. As of the date of the filing of this Complaint, said Claim has been denied.

8. Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to him. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

9. Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

10. Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

**FACTS COMMON TO ALL COUNTS**

11. This Complaint concerns a homicide caused by the involved Los Angeles Police Department Officers' excessive and unreasonable use of Taser weapons, which directly and proximately caused a fatal cardiac event, which caused the death of MICHAEL MEARS. The subject incident occurred during the evening hours of

Wednesday, December 24, 2014, at or around 5730 West Centinela Avenue in the County of Los Angeles and State of California. During the evening hours on that date, Plaintiff's decedent, MICHAEL MEARS, was standing and/or walking at or around 5730 West Centinela Avenue when several heretofore unknown Defendant DOE Officers, while acting under color of law and in the course and scope of their employment with the Defendant CITY and the Los Angeles Police Department, negligently assessed the circumstances presented to them, and then violently confronted and unjustifiably detained MICHAEL MEARS without having probable cause or reasonable suspicion to believe that MICHAEL MEARS had committed any crime, or would commit a crime in the future.

12. Without warning, the Defendant DOE Officers proceeded to assault and batter MICHAEL MEARS by acts which included, but were not limited to, repeatedly, unreasonably, and unjustifiably discharging their department issued Tasers at the person of MICHAEL MEARS, in a manner that constituted unreasonable and excessive force, which directly and proximately caused a fatal cardiac event, which caused the death of MICHAEL MEARS. Following the incident, the involved officers denied medical care to MICHAEL MEARS in a manner that demonstrated deliberate indifference to his constitutional rights. After surviving for a significant and appreciable period of time following the use of Tasers upon his person, MICHAEL MEARS died as a direct and proximate result of a fatal cardiac injury caused by the excessive infliction of electroshock injuries upon his person by the Defendant DOE Officers.

13. At no time during the course of these events did MICHAEL MEARS pose any reasonable or credible threat of violence to the Defendant DOE Officers, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally assaulted and battered, MICHAEL MEARS posed no reasonable threat of violence to the Defendant DOE Officers who assaulted and battered him, nor to any other individual. Both prior to and during the time in which he was fatally assaulted and battered,

1 MICHAEL MEARS made no aggressive movements, no furtive gestures, and no
2 physical movements which would suggest to a reasonable police officer that he had the
3 will, or the ability to inflict substantial bodily harm against any individual. Both prior to
4 and during the time in which the Defendant DOE Officers fatally assaulted and battered
5 MICHAEL MEARS, the DOE Officers, who assaulted and battered MICHAEL MEARS,
6 were not faced with any circumstances which would have led a reasonable police officer
7 to believe that MICHAEL MEARS posed the risk of death, or serious bodily injury to
8 any person.

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

### FOR THE FIRST CAUSE OF ACTION

**(By Plaintiff WILLIAM MEARS, as Successor in Interest to MICHAEL MEARS, Deceased, Against the Heretofore Unknown Defendant DOE Officers for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Unreasonable Use of Deadly Force)**

14. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

15. This cause of action is brought on behalf of decedent MICHAEL MEARS, by and through his Successor in Interest, Plaintiff WILLIAM MEARS, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to MICHAEL MEARS by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

16. Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, the Defendant CITY employed the heretofore unknown Defendant DOE Officers. The CITY provided the Defendant DOE Officers with official badges and identification cards which designated and described the DOE Officers as employees of the CITY and the Los Angeles Police Department.

///

17. At all times relevant to the acts and omissions herein alleged, the heretofore unknown Defendant DOE Officers were employed by the Defendant CITY and the Los Angeles Police Department, and were acting under color of law and in the course and scope of their employment with the CITY and the Los Angeles Police Department.

18. During the evening hours on Wednesday, December 24, 2014, Plaintiff's decedent, MICHAEL MEARS, was standing and/or walking at or around 5730 West Centinela Avenue in the County of Los Angeles and State of California when the Defendant DOE Officers, while acting under color of law and in the course and scope of their employment with the Defendant CITY and the Los Angeles Police Department, violently confronted and unjustifiably detained MICHAEL MEARS without having probable cause or reasonable suspicion to believe that MICHAEL MEARS had committed any crime, or would commit a crime in the future.

19. Without warning, the Defendant DOE Officers proceeded to assault and batter MICHAEL MEARS by acts which included, but were not limited to, repeatedly, unreasonably, excessively, and unjustifiably discharging their department issued Tasers at the person of MICHAEL MEARS, inflicting several electroshock injuries, which proved to be fatal. Following the use of the Tasers, the involved officers denied medical care to MICHAEL MEARS in a manner that demonstrated deliberate indifference to his constitutional rights. After surviving for an appreciable period of time following the use of Tasers upon his person, MICHAEL MEARS died as a direct and proximate result of the electroshock injuries inflicted upon his person by the Defendant DOE Officers.

20. At no time during the course of these events did MICHAEL MEARS pose any reasonable or credible threat of violence to the Defendant DOE Officers, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally assaulted and battered, MICHAEL MEARS posed no reasonable threat of violence to the Defendant DOE Officers who assaulted and battered him, nor to any other individual. Both prior to and during the time in which he was fatally assaulted and battered,

1 MICHAEL MEARS made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which the Defendant DOE Officers fatally assaulted and battered MICHAEL MEARS, the DOE Officers, who assaulted and battered him, were not faced with any circumstances which would have led a reasonable police officer to believe that MICHAEL MEARS posed the risk of death, or serious bodily injury to any person.

21. At all times mentioned herein, the Defendant DOE Officers acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant CITY. The Defendant DOE Officers deprived Plaintiff's decedent, MICHAEL MEARS, of the rights, privileges, and/or immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

22. Plaintiff's decedent, MICHAEL MEARS, had the right to be free from unreasonable governmental seizures of his person, a right which was secured to MICHAEL MEARS by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the Defendant DOE Officers, which proximately caused the death of MICHAEL MEARS.

23. Plaintiff is informed, believes, and thereupon alleges, that in unreasonably seizing the person of Plaintiff's decedent, MICHAEL MEARS, as described in the foregoing paragraphs of this Complaint, the Defendant DOE Officers acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive MICHAEL MEARS of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and

exemplary damages against the Defendant DOE Officers in an amount to be proven at the trial of this matter.

24. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Officers, Plaintiff's decedent, MICHAEL MEARS, suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension prior to his death, all to his damage in a sum to be determined at trial.

25. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Officers, Plaintiff's decedent, MICHAEL MEARS, suffered severe electroshock injuries, and was required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and incurred expenses for emergent medical services and medical treatment and care in an amount according to proof at trial.

26. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE SECOND CAUSE OF ACTION

**(By Plaintiff WILLIAM MEARS, as Successor in Interest to MICHAEL MEARS, Deceased, Against Defendant CITY OF LOS ANGELES for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on a Unconstitutional Policy, Practice, or Custom)**

27. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

28. This cause of action is brought on behalf of decedent MICHAEL MEARS, by and through his Successor in Interest, Plaintiff WILLIAM MEARS, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to MICHAEL MEARS by the Fourth Amendment to the Constitution of the United States, including, but not

limited to, the right to be free from unreasonable governmental seizures of his person.

29. Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, the Defendant CITY employed the heretofore unknown Defendant DOE Officers. The CITY provided the Defendant DOE Officers with official badges and identification cards which designated and described the DOE Officers as employees of the CITY and the Los Angeles Police Department.

30. As set forth in the foregoing paragraphs of this Complaint, the Defendant DOE Officers, while acting under color of law and in the course and scope of their employment with the Defendant CITY and the Los Angeles Police Department, violated the Fourth Amendment rights of decedent MICHAEL MEARS by acts which included which included, but were not limited to, unreasonably using deadly and excessive force against the person of MICHAEL MEARS. As described in this Complaint, the Defendant DOE Officers' use of Tasers upon the person of MICHAEL MEARS was an unconstitutional display of an unreasonable seizure, and of the deadly and excessive use of force, which violated MICHAEL MEARS' Fourth Amendment right to be free form unreasonable governmental seizures of his person.

31. Plaintiff is informed and believes, and thereupon alleges, that at all times relevant to the acts and omissions alleged in the foregoing paragraphs of this Complaint, the Defendant DOE Officers acted pursuant to a longstanding official practice or custom of the Defendant CITY and the Los Angeles Police Department, through which, prior to December 24, 2014, Los Angeles Police Department police officers employed unreasonable and excessive force in a manner that violates civilians' Fourth Amendment rights to be free from the unreasonable use of force with such frequency and regularity that, prior to December 24, 2014, Los Angeles Police Department police officers' unreasonable uses of force had become a widespread and well settled practice or custom within the Los Angeles Police Department.

32. Plaintiff is further informed and believes, and thereupon alleges, that the Defendant DOE Officers' use of Tasers upon the person of decedent MICHAEL

MEARS, a man who posed no reasonable threat of violence to the DOE Officers, nor to any other person, demonstrated that the DOE Officers' training was inadequate to allow them to handle the usual and recurring situations faced by Los Angeles Police Department officers, as evidenced by the following specific actions and omissions of the DOE Officers in their response to the subject incident:

a. The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles Police Department is for police officers employed by such agencies to refrain from discharging Taser weapons multiple times when such multiple deployments may cause a fatal injury to a suspect or potential arrestee, and to refrain from discharging Taser weapons multiple times unreasonably and in a manner that constitutes unreasonable and excessive force. Both prior to and during the time in which the Defendant DOE Officers fatally assaulted and battered MICHAEL MEARS, they acted in flagrant contravention of this well established standard of care.

b. The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles Police Department is for police officers employed by such agencies to utilize additional officers, departmental personnel, and/or departmental resources to assist them when approaching and/or attempting to arrest and/or detain suspects and/or potential arrestees whom the officers believe may possibly pose a threat to the safety of the officers or third parties. Both prior to and during the time in which the Defendant DOE Officers fatally assaulted and battered MICHAEL MEARS, they acted in flagrant contravention of this well established standard of care.

33. Plaintiff is informed and believes, and thereupon alleges, that prior to December 24, 2014, the Defendant DOE Officers received training and instruction in police tactics and procedures from the Los Angeles Police Department in ways which included, but were not limited to, their attendance at a police academy, their attendance at departmental briefings, their attendance at mandatory and voluntary training seminars,

their attendance at roll call at their respective station(s) prior to their assigned shift(s), their receipt of departmental training manuals, their receipt of departmental training bulletins, and their receipt of additional departmental correspondence and electronic mails.

34. Both prior to and on December 24, 2014, encounters with suspects and civilians, such as decedent MICHAEL MEARS, were common among Los Angeles Police Department patrol officers similarly situated to the Defendant DOE Officers, and such encounters were a recurring situation faced by Los Angeles Police Department patrol officers similarly situated to the Defendant DOE Officers.

35. Plaintiff is informed and believes, and thereupon alleges, that those individuals responsible for training the Defendant DOE Officers, including, but not limited to, their respective field training officers, watch commanders, shift commanders, training officers, Taser instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher ranking officers, and authorized policy makers and decision makers within the Los Angeles Police Department, the identities of whom are presently unknown to Plaintiff, knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause to be taught the above referenced tactical training to officers similarly situated to the DOE Officers would be that nondangerous persons, such as decedent MICHAEL MEARS, would suffer constitutional deprivations from the unreasonable and excessive use of deadly force.

36. Plaintiff is informed and believes, and thereupon alleges, that notwithstanding the fact that the training personnel responsible for training the Defendant DOE Officers, including, but not limited to, their respective field training officers, watch commanders, shift commanders, training officers, Taser instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher ranking officers, and authorized policy makers and decision makers within the Los Angeles Police Department, the identities of whom are presently unknown to Plaintiff, knew, or in the

exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause to be taught the above referenced tactical training to officers similarly situated to the DOE Officers would be that nondangerous persons, such as decedent MICHAEL MEARS, would suffer constitutional deprivations from the unreasonable use of deadly force, said training personnel, and each of them, deliberately and consciously failed to provide adequate tactical training in the above enumerated areas.

37. Plaintiff is informed and believes, and thereupon alleges, that the failure of the Los Angeles Police Department to provide adequate training to the Defendant DOE Officers, as described in the foregoing paragraphs of this Complaint, caused decedent MICHAEL MEARS to suffer Fourth Amendment violations resulting from the unreasonable use of deadly force, as previously described in this Complaint.

38. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Officers, Plaintiff's decedent, MICHAEL MEARS, suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension prior to his death, all to his damage in a sum to be determined at trial.

39. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Officers, Plaintiff's decedent, MICHAEL MEARS, suffered severe electroshock injuries, and was required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and incurred expenses for emergent medical services and medical treatment and care in an amount according to proof at trial.

40. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

///
///
///

## FOR THE THIRD CAUSE OF ACTION

## (By Plaintiff WILLIAM MEARS Against All Defendants for Wrongful Death [Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43])

### (Based on Battery)

41. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

42. All claims asserted herein against the Defendant CITY are presented pursuant to the CITY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a), as well as California Civil Code § 43.

43. During the evening hours on Wednesday, December 24, 2014, Plaintiff's decedent, MICHAEL MEARS, was standing and/or walking at or around 5730 West Centinela Avenue in the County of Los Angeles and State of California when the Defendant DOE Officers, while acting under color of law and in the course and scope of their employment with the Defendant CITY and the Los Angeles Police Department, violently confronted and unjustifiably detained MICHAEL MEARS without having probable cause or reasonable suspicion to believe that MICHAEL MEARS had committed any crime, or would commit a crime in the future.

44. Without warning, the Defendant DOE Officers proceeded to assault and batter MICHAEL MEARS by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department issued Tasers at the person of MICHAEL MEARS, inflicting several electroshock injuries, which proved to be fatal.

45. As a direct and proximate result of the above-mentioned conduct of the Defendant DOE Officers, and each of them, MICHAEL MEARS was assaulted and battered on December 24, 2014. After surviving for an appreciable period of time following the Defendant DOE Officers' use of Tasers upon his person, MICHAEL MEARS died as a direct and proximate result of the electroshock injuries inflicted upon his person by the Defendant DOE Officers.

46. At no time during the course of these events did MICHAEL MEARS pose any reasonable or credible threat of violence to the Defendant DOE Officers, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally assaulted and battered, MICHAEL MEARS posed no reasonable threat of violence to the Defendant DOE Officers who assaulted and battered him, nor to any other individual. Both prior to and during the time in which he was fatally assaulted and battered, MICHAEL MEARS made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which the Defendant DOE Officers fatally assaulted and battered MICHAEL MEARS, the DOE Officers, who assaulted and battered him, were not faced with any circumstances which would have led a reasonable police officer to believe that MICHAEL MEARS posed the risk of death, or serious bodily injury to any person.

47. Plaintiff is informed, believes, and thereupon alleges, that in repeatedly, unreasonably, and unjustifiably using Tasers upon the person of decedent MICHAEL MEARS, as described in the foregoing paragraphs of this Complaint, the Defendant DOE Officers acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive MICHAEL MEARS of his protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against the Defendant DOE Officers in an amount to be proven at the trial of this matter.

48. As a direct and proximate result of the death of decedent MICHAEL MEARS, and the above-described conduct of the Defendant DOE Officers, and each of them, MICHAEL MEARS' heir, the Plaintiff herein, has sustained substantial economic damages and non-economic damages resulting from the loss of the love, companionship,

comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, and support of MICHAEL MEARS in an amount according to proof at trial.

49. As a further proximate result of the above-described conduct of the Defendant DOE Officers, and each of them, and the ensuing death of MICHAEL MEARS, Plaintiff has incurred funeral and burial expenses in an amount according to proof at trial.

## FOR THE FOURTH CAUSE OF ACTION

### (By Plaintiff WILLIAM MEARS Against All Defendants for Wrongful Death [Cal. Government Code §§ 815.2(a), 820(a)])

### (Based on Negligence)

50. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

51. All claims asserted herein against the Defendant CITY are presented pursuant to the CITY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

52. During the evening hours on Wednesday, December 24, 2014, Plaintiff's decedent, MICHAEL MEARS, was standing and/or walking at or around 5730 West Centinela Avenue in the County of Los Angeles and State of California when the Defendant DOE Officers, while acting under color of law and in the course and scope of their employment with the Defendant CITY and the Los Angeles Police Department, negligently assessed the circumstances presented to them, and then violently confronted and unjustifiably detained MICHAEL MEARS without having probable cause or reasonable suspicion to believe that MICHAEL MEARS had committed any crime, or would commit a crime in the future.

53. Without warning, the Defendant DOE Officers proceeded to negligently discharge their Tasers at the person of MICHAEL MEARS, inflicting several

electroshock injuries to MICHAEL MEARS' person. After surviving for an appreciable period of time following the Defendant DOE Officers' use of Tasers upon his person, MICHAEL MEARS died as a direct and proximate result of the electroshock injuries negligently inflicted upon his person by the Defendant DOE Officers.

54. At no time during the course of these events did MICHAEL MEARS pose any reasonable or credible threat of violence to the Defendant DOE Officers, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was subjected to the negligent use of excessive force, MICHAEL MEARS posed no reasonable threat of violence to the Defendant DOE Officers who negligently used excessive force against him, nor to any other individual. Both prior to and during the time in which he was subjected to the negligent use of excessive force, MICHAEL MEARS made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which the Defendant DOE Officers negligently used excessive force against MICHAEL MEARS, the DOE Officers, who negligently used excessive force against MICHAEL MEARS, were not faced with any circumstances which would have led a reasonable police officer to believe that MICHAEL MEARS posed the risk of death, or serious bodily injury to any person.

55. Plaintiff is informed and believes, and thereupon alleges, that on and before December 24, 2014, the Defendant DOE Officers had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of force, including the use of deadly force, and had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and police procedures in approaching and/or attempting to detain nondangerous suspects. Notwithstanding each of these duties, the Defendant DOE Officers failed to exercise reasonable and ordinary care in committing the acts alleged

herein, by actions and inactions which include, but are not limited to, negligently stopping and detaining Plaintiff's decedent, MICHAEL MEARS, without having probable cause or reasonable suspicion to believe that MICHAEL MEARS had committed a crime, or would commit a crime in the future, negligently failing to determine the fact that MICHAEL MEARS posed no threat of physical harm to any person when he was subjected to the negligent use of excessive force, negligently inflicting physical injury upon MICHAEL MEARS, as described herein, and negligently employing deadly force against MICHAEL MEARS when the same was unnecessary and unlawful. All of these negligent acts proximately caused MICHAEL MEARS' death on December 26, 2014.

56. As a direct and proximate result of the above-mentioned conduct of the Defendant DOE Officers, and each of them, MICHAEL MEARS was subjected to the negligent use of excessive force on December 24, 2014. After surviving for an appreciable period of time following the Defendant DOE Officers' use of Tasers upon his person, MICHAEL MEARS died as a direct and proximate result of the electroshock injuries negligently inflicted upon his person by the Defendant DOE Officers.

57. As a direct and proximate result of the death of decedent MICHAEL MEARS, and the above-described conduct of the Defendants, and each of them, MICHAEL MEARS' heir, the Plaintiff herein, has sustained substantial economic damages and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, and support of MICHAEL MEARS in an amount according to proof at trial.

56. As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of MICHAEL MEARS, Plaintiff has incurred funeral and burial expenses in an amount according to proof at trial.

///
///

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For burial and funeral related expenses according to proof at trial;
2. For general damages in an amount according to proof at trial;
3. For medical and related expenses according to proof at trial;
4. For costs of suit incurred herein;
5. For attorneys' fees incurred herein, as provided by law;
6. For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and
7. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands that a jury be empaneled for the trial of this matter.

DATED: October 28, 2015  Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**

By: /s/ Brian T. Dunn
BRIAN T. DUNN
MEGAN R. GYONGYOS
Attorneys for Plaintiff, WILLIAM MEARS

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

### COUNTY OF LOS ANGELES DEPARTMENT OF PUBLIC HEALTH

**CERTIFICATE OF DEATH**

| Field | Value |
|---|---|
| Name of Decedent - First | MICHAEL |
| Middle | PREDRICK |
| Last | MEARS |
| Date of Birth | 1975 |
| Age | 39 |
| Sex | M |
| Birth State/Foreign Country | PANAMA |
| Marital Status | DIVORCED |
| Date of Death | 12/26/2014 |
| Hour | 0632 |
| Education | SOME COLLEGE |
| Hispanic | YES ECUADORIAN |
| Race | WHITE |
| Usual Occupation | LANCE CORPORAL |
| Kind of Business/Industry | U.S. MARINES |
| City | LOS ANGELES |
| County | LOS ANGELES |
| Zip | 90046 |
| Years in County | 0 |
| State/Country | CA |
| Informant's Name, Relationship | WILLIAM A. MEARS, FATHER |
| Informant's Address | WESLEY CHAPEL, FL 33545 |
| Father's Name - First | WILLIAM |
| Middle | A |
| Last | MEARS |
| Birth State | MICHIGAN |
| Mother's Name - First | JOANNA |
| Last (Birth Name) | CORDOVA |
| Birth State | ECUADOR |
| Disposition Date | 01/14/2015 |
| Place of Final Disposition | FLORIDA NATIONAL CEMETERY 6502 SW 102ND AVENUE, BUSHNELL, FL 33513 |
| Type of Disposition | TR/BU |
| Signature of Embalmer | VICTOR SAVINO |
| License Number | EMB6650 |
| Name of Funeral Establishment | LEGACY FUNERAL & CREMATION CARE |
| License Number | FD 2009 |
| Signature of Local Registrar | JEFFREY GUNZENHAUSER, MD |
| Date | 01/14/2015 |
| Place of Death | RONALD REAGAN UCLA MEDICAL CENTER |
| County | LOS ANGELES |
| Facility Address | 757 WESTWOOD PLAZA |
| City | LOS ANGELES |
| Immediate Cause | DEFERRED |
| Case Number | 2014-08328 |
| Other Significant Conditions | NONE |
| Operation | NO |
| Coroner | EVONNE D REED |
| Date | 01/13/2015 |
| Type Name, Title | EVONNE D REED, DEPUTY CORONER |

This is a true certified copy of the record filed in the County of Los Angeles Department of Public Health if it bears the Registrar's signature in purple ink.

Director of Public Health and Registrar

DATE ISSUED: JAN 26 2015

*004 724 3*

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

## DECLARATION OF WILLIAM MEARS

1. The decedent's name who is the subject of this action for wrongful death is MICHAEL FREDRICK MEARS.

2. On December 26, 2014, MICHAEL FREDERICK MEARS lost his life as a result of fatal injuries caused by Los Angeles Police Department officers in an incident which occurred at a property located at or around 5730 West Centinela Avenue in the County of Los Angeles.

3. No proceeding is now pending in California for the administration of the decedent's estate.

4. I am the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the within action.

5. No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: October 27, 2015

/s/William Mears
WILLAIM MEARS, declarant