Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Melanie T. Partow, Esq. (Bar No. 254843)
mpartow@galipolaw.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Fascimile: (818) 347-4118

*Attorneys for Plaintiff Joanna Wysocki*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MEARS, individually and as successor in interest to Michael Mears; and JOANNA WYSOCKI, individually and as successor in interest to Michael Mears, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LOS ANGELES, a municipality; STEVEN BEUMER, an individual; JOSE PEDROZA, an individual; JONATHAN GAN, an individual; OFFICER SEFFEL, an individual; OFFICER LEW, an individual; OFFICER GIST, an individual, SGT. WILLIAMS, an individual, and DOES 8-10 inclusive, <br><br> Defendants. | **Case No. CV15-08441 JAK (AJWx)** <br> Consol. w/CV 15-09587 JAK (AJWx) <br> [*Honorable Andrew J. Wistrich*] <br><br> [~~PROPOSED~~] **PROTECTIVE ORDER** <br><br> [Stipulation re Protective Order *filed concurrently herewith*] |

# [~~PROPOSED~~] PROTECTIVE ORDER

WHEREAS, Plaintiffs are seeking materials and information that Defendant City of Los Angeles ("City") claims is confidential, such as select information that may be contained in the personnel files of the police officers, Force Investigation Division materials and information, Internal Affairs materials and information, video recordings, audio recordings and other administrative materials and information currently in the possession of the City and which the City believes need special protection from public disclosure and from use for any purpose other than prosecuting this litigation;

WHEREAS, the City asserts that the confidentiality of the materials and information sought by Plaintiffs is recognized by California and federal law, as evidenced inter alia by California Penal Code section 832.7 and Kerr v. United States Dist. Ct. for N.D. Cal., 511 F.2d 192, 198 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976) and Kelly v. San Jose 114 FRD 653 (ND CA 1987);

Whereas, Defendants are seeking records from Plaintiffs including and not limited to medical, psychiatric, substance use and abuse, mental health records and military service and medical records to which Plaintiffs may assert privileges, such as privacy and HIPPA;

WHEREAS, the parties contend that absent a protective order, there is a specific risk of unnecessary and undue disclosure by one or more of the many attorneys, secretaries, law clerks, paralegals and expert witnesses involved in this case, as well as the corollary risk of embarrassment, harassment and professional and legal harm on the part of the LAPD officers and plaintiffs or decedent referenced in the materials and information;

WHEREAS, the defendants contend that unfettered disclosure of the materials and information, absent a protective order, would allow the media to share this information with potential jurors in the area, impacting the rights of the City herein to receive a fair trial.

Case No. CV15-08441 JAK (AJWx)

1    WHEREAS Plaintiffs deny the City's contentions above and assert that the
2  public has a right to access the type of information that Plaintiffs anticipate the
3  parties will exchange in this case, particularly given that this is a civil rights case
4  alleging an abuse of police powers against the public interest;

5    WHEREAS the City will not agree to produce any discovery to Plaintiffs
6  absent a protective order, yet Plaintiffs cannot assess the applicability of
7  Defendants' assertion of confidentiality absent first having had an opportunity to
8  review the documents and information at issue; and

9    Whereas Defendants deny that Plaintiffs or decedent have valid claims to
10  privileges for certain documents or claims of privacy, which Defendants anticipates
11  that the Plaintiffs will exchange in order to support their claims for monetary
12  damages.

13  ## ORDER ON STIPULATION

14    1.    The parties (hereinafter "Disclosing Party(ies)") may designate as
15  confidential any personnel files, videos, audio, Force Investigation Division
16  materials, Internal Affairs materials or any other materials or writings, medical,
17  mental health and military records that they, in good faith, believe are protected
18  from disclosure within the meaning of FRCivP 26(g), in that they believe the
19  material contains confidential, privileged or private information.  Such materials
20  may be classified as subject to this protective order by marking the material, each
21  document or writing with a single watermark on each page that does not overly
22  obscure, any written material on the page and that includes words such as
23  "Confidential," "Confidential Documents," "Confidential Material," "Subject to
24  Protective Order," or words of a similar effect, and that includes the case name and
25  case number.  Materials and writings so designated, and all privileged information
26  derived therefrom [hereinafter collectively referred to as "Confidential Material"],
27  shall be treated in accordance with the terms of this Stipulation.

28

2.     Confidential Material may be used by the persons receiving such information [hereinafter "Receiving Party(ies)"] only for the purpose of litigation of this case, and for such other purposes as permitted by law.

3.     This Stipulation applies not only to the Confidential Material, but also to (1) any information copied or extracted from the Confidential Material; (2) all copies, excerpts, summaries or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by Receiving Parties that might reveal Confidential Material.

4.     Subject to the further conditions imposed by this Stipulation, the Confidential Material may only be disclosed to the Court and to the following "qualified" persons:

(a)     Counsel of record for the parties to this civil litigation;

(b)     Plaintiffs Joanna Wysocki and William Mears and Defendants City of Los Angeles and the named LAPD Officer Defendants;

(c)     Attorneys, paralegals, law clerks, stenographic, clerical and secretarial personnel who are employees in the offices of counsel referred to in subparagraph (a);

(d)     Any other parties to the litigation;

(e)     Expert witnesses consulted and/or retained for this action; and

(f)     The judge and court personnel, including stenographic reporters and videographers.

5.     Prior to the disclosure of any Confidential Material to any person described in paragraph 3(a), (c) or (d), counsel for the Receiving Party who seeks to use or disclose such Confidential Material shall first provide a copy of this Stipulation and have the individual to whom the Receiving Party intends to disclose said Confidential Material sign the Nondisclosure Agreement set forth in Attachment "A", stating that the person has received and read a copy of the Stipulation and understands that s/he is bound by the terms of the Stipulation.

6.     Unless made on the record in this litigation, counsel making the disclosure to any qualified person described herein shall retain the original executed copy of the Nondisclosure Agreements until thirty (30) days after this litigation has become final, including any appellate review, and monitoring of an injunction. Counsel for the Receiving Party shall maintain all signed Nondisclosure Agreements and shall produce the original signature page upon reasonable written notice from opposing counsel.  If an issue arises regarding a purported unauthorized disclosure of Confidential Material, upon noticed motion of contempt filed by the Disclosing Parties, counsel for the Receiving Party may be required to file the signed Nondisclosure Agreements, as well as a list of the disclosed materials, in camera with the Court having jurisdiction of the Stipulation.

7.     The court reporter, videographer, and audiographer, if any, who record all or part of the depositions in this matter of Defendants City of Los Angeles and Los Angeles Police Department, or any other current or former employee of the Los Angeles Police Department, or of plaintiffs or their representatives, during which "Confidential Material" is disclosed, shall be subject to this Order.  In preparing the original deposition videotape, audiotape, or portions thereof, any copies thereof, or portions of copies thereof, all materials and testimony designated as "Confidential Material" shall be segregated from the rest of the deposition.  No copies of such segregated "Confidential Material" portions of the materials described above shall be provided to any persons other than those persons identified in paragraph 4. Nothing in this agreement is intended to limit the rights of third parties to obtain such Confidential Material through discovery and subpoena power in other proceedings, subject to a motion for a protective order filed in those proceedings by the party seeking to prevent disclosure of the Confidential Material.

8.     If any "Confidential Material" or testimony derived from such materials occurs at a deposition, those attending such portions of the depositions shall be bound by this Order and, therefore, shall not disclose to any person or

entity, in any manner, including orally, any statements made by Defendants City of Los Angeles and Los Angeles Police Department, or any other current or former employee of the Los Angeles Police Department, or of Plaintiffs or their representatives during the "Confidential" sections of said depositions.

9.      An inadvertent failure to designate qualified materials or items does not, standing alone, waive the Disclosing Party's right to secure protection under this Order for such material.  Upon being notified of the correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with this provisions of this Order.

10.      Upon final termination of this litigation, including any appeal pertaining thereto, all materials still classified as Confidential Material at that time, and all copies thereof, including copies provided to any qualified person in paragraph 3 herein above, shall be returned to the Disclosing Party within thirty (30) days.

11.      If any Receiving Party who receives Confidential Material is served with a subpoena or other request seeking Confidential Material, s/he or it shall immediately give written notice to counsel for the Disclosing Parties, identifying the Confidential Material sought and the time in which production or other disclosure is required.   Such notice shall be given sufficiently in advance of the date for production or other disclosure so that the Disclosing Parties have the opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. The Receiving Party also shall immediately give notice to the party who caused the subpoena or other request to issue that the material is subject to this Order and include a copy of this Order.   In no event should production or disclosure be made without prior written approval by the Disclosing Party's Counsel unless required by court order arising from a motion to compel production or disclosure of Confidential Material.

12.     Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain or incorporate Confidential Material shall be filed and maintained in accordance with Local Rule 79-5, which governs the filing of materials under seal. Any other pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions that refer but do not contain or incorporate Confidential Material, shall designate the particular aspects that are confidential so as to enable the Court, in drafting presumptively public orders relating to these filings under seal, to determine whether there is evidence which the Court should attempt not to disclose. If any papers to be filed with the Court contain Confidential Material, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the protected information, under seal and that the application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

13.     Any party may request that any motions, applications or other pre-trial proceedings which would entail the disclosure of Confidential Material be heard by the Court in a manner that would preserve the confidential nature of the information, unless having heard opposition from counsel to such a process, the court orders otherwise.

14.     Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Material into evidence.

15.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

16.     Any party bound by this Stipulation who contests the confidential nature of materials produced pursuant to this Stipulation may move the Court for an order to have the materials removed from the protective order and to have the

materials declared not confidential, or otherwise move to modify the Stipulation as to some or all of the materials.

17.    Any procedures specified above in this Protective Order are in addition to, and not in lieu of, compliance with the local rules regarding discovery motions.

**IT IS SO ORDERED.**

Dated: October 18, 2016

Honorable Andrew J. Wistrich
United States District Court
Central District of California

[PROPOSED] PROTECTIVE ORDER

**ATTACHMENT "A"**

**NONDISCLOSURE AGREEMENT**

I, _____do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *William Mears, et al., v. City of Los Angeles, et al.*, United States District Court for the Central District of California, Central Division, Case No.CV15-08441 JAK (AJWx), and hereby agree to comply with and be bound by the terms and conditions of said Order.  I hereby consent to the jurisdiction of the United States District Court for the Central District of California for the purposes of enforcing this Order.

Dated:_____                          Signed:_____

                                                    Printed Name: _____